## SMITH v. KNIGHT et al.

Court of Appeals of Kentucky.

Dec. 14, 1951.

John S. Deering, Wm. Hill Mackey, Nicholasville, for appellant.

B. T. Moynahan, Jr., John C. Watts, Nicholasville, for appellee.

STEWART, Justice.

The question presented for our determination is whether appellant, Myrtle Mae Smith, has a passway over appellees' land. The Chancellor found for appellees, Charles F. Knight and his wife, Catherine Knight, and enjoined appellant from crossing appellees' farm. Myrtle Mae Smith appeals.

Appellant and appellees are neighbors, owning adjoining property in the Poortown area of Jessamine County. Appellant's tract, consisting of one acre, is completely surrounded by the land of other persons, appellees' farm lying to the north and east of appellant's tract. Appellant contends the easement in controversy extends northwardly approximately 950 feet across appellees' land to the Cleveland Ford road. On the other hand, appellees maintain that appellant has customarily used for years a roadway over the property to the south of her owned by her brother-in-law, Ray Warner, which connects with the Poortown road. The latter roadway is about one-third the length of the one claimed by her over the farm of appellees.

Appellant averred in her petition that her one-acre lot and appellees' farm were carved out of a larger tract formerly owned by one J. H. Walters and that the latter, when he sold certain land on December 2, 1915, to one W. H. Watts, the predecessor in title of appellant, set out the following grant in the deed to Watts: "Also a passway over other lands of J. H. Walters to the Cleveland Ford road as now used". Appellant further pleaded that she and her predecessors in title have used, for over thirty years, the passway in controversy, which she claims is the identical one deeded to Watts. Appellees, after traversing the affirmative matter in the petition, alleged, so far as we need consider here, that the grant in the deed refers to an easement affecting property other than that owned by appellees, and that a passway was never laid out or used by appellant and her predecessors in title over appellees' land. In-

junctive relief was prayed by appellees to restrain appellant from trespassing over their land.

Shortly before issue was joined, upon appellees' motion for appellant to make more specific in her petition the location of the passway, Mrs. Smith had the alleged easement staked out and mapped by a local engineer, J. M. Land. According to the map, which was filed as an exhibit, the easement extended across a field and through the garden of appellees, both of which had been fenced in by appellees. It seems rather clear that when Land made his map, there was no well-defined passway. This he stated in his testimony. He also said that he did not know whether appellees' property was the same land over which the Walters' deed attempted to reserve a passway.

Nearly a dozen witnesses for appellant testified that they had either traveled on or knew of a passway somewhere over the land belonging to appellees. It is significant that the exact location of the passway was not established by these witnesses and, in fact, much of the testimony located it in different places. W. H. Watts, prior owner of appellant's land, said that the road on Land's map was the same road that had been pointed out to him by the man who sold him the land. He disclaimed, however, the existence of a well-defined passway and also denied that the passway had ever gone through appellees' garden.

Appellees had fifteen or more witnesses who testified in substance that there had never been a passway across the land of appellees for the benefit of appellant and her predecessors in title. The two daughters of Walters, the former owner of the large tract, confirmed this. The testimony of all of appellees' witnesses was in sharp conflict with that of the witnesses of appellant as to whether a passway had ever been claimed or used by appellant or her predecessors in title. Moreover, many of appellees' witnesses stated that for years appellant and her family had gone over the Warners' property to the south of her lot to reach a public road. This was not denied by appellant, although she did state she had only a permissive right to use the Warners' land for ingress and egress to the outside world.

■ There is a conspicuous absence of proof tending to show that appellant ever had a specific grant of a passway over appellees' land. Nor was it established by proof that appellant, or her predecessors in title, had acquired an easment over appellees' property by adverse possession.

■ Appellant's argument in her brief that she is landlocked is without merit, since it was positively shown that she had a shorter way of ingress to and egress from her property other than the passway sought in this litigation, and that she had consistently traveled over this last mentioned roadway.

Wherefore, the judgment is affirmed